UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBER HOGANS,

                Petitioner,                Case No. 1:14-cv-988

v.                                    Honorable Robert J. Jonker

WILLIE SMITH,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Robert Hogans presently is incarcerated at the Ionia Correctional Facility
(ICF).  Following a jury trial in the Oakland County Circuit Court, Petitioner was convicted of three
counts of first-degree murder on theories of both premeditation and felony murder, MICH. COMP.
LAWS § 750.316, kidnapping, MICH. COMP. LAWS § 750.349, and larceny over $100.00, MICH.
COMP. LAWS § 750.316.  On March 25, 1991, he was sentenced to life imprisonment on the murder
and kidnapping convictions and to imprisonment for three years and four months to five years on
the larceny conviction.

The trial and convictions arose out of the death of a woman, whom Petitioner had
kidnapped and confined in the trunk of her car.  According to the prosecution, the woman died after
she ingested window-washing fluid to alleviate her thirst.

Petitioner appealed his convictions to the Michigan Court of Appeals, which affirmed
his convictions on June 25, 1993.  He sought leave to appeal to the Michigan Supreme Court.  The
supreme court denied leave to appeal on November 30, 1993.

On May 17, 1996, Petitioner filed a motion for relief from judgment in the Oakland
County Circuit Court.  The court denied the motion on July 11, 1996.  Petitioner did not seek leave
to appeal to the Michigan Court of Appeals.  However, on March 6, 1998, he filed an application
for leave to appeal to the Michigan Supreme Court.  The supreme court dismissed his application
on March 12, 1998, because Petitioner had failed to appeal to the court of appeals.

Petitioner filed a second motion for relief from judgment in the Oakland County
Circuit Court in May 2013.  The motion was denied under MICH. CT. R. 6.502(G)(2) as a improper

second petition, as Petitioner's proposed evidence was not newly discovered within the meaning of the rule.

On May 6, 2014, Petitioner filed a motion in the Sixth Circuit, seeking permission to file a second or successive application for federal habeas corpus relief. In an order issued June 20, 2014, the court denied the motion because no first petition for habeas relief had ever been filed or determined on the merits.

Petitioner filed his habeas application in this Court on or about September 22, 2014.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

## A.    Analysis under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on November 30, 1993.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, February 28, 1994.

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that a petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, had a one-year grace period from the effective date in which to file his petition.  *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).  Absent tolling, the grace

period would have ended on April 24, 1997.  *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000).

As previously mentioned, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court.  *Lawrence v. Florida*, 549 U.S. 327 (2007).  According to the habeas application, Petitioner filed his first motion for relief from judgment on May 17, 1996, 23 days after the grace period began to run on April 24, 1997.  The motion was denied on July 11, 1996, but Petitioner failed to appeal his decision to the Michigan Court of Appeals.  Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added).  Petitioner had one year, until July 11, 1997, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals.  *See* MICH. CT. R. 7.205(F)(3).  Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court.  Thus, Petitioner may not count the time that his appeal was pending in the Michigan Supreme Court; nor may he count the 90-period for filing a petition for a writ of certiorari.  *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include

- 5 -

the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255).

As a result, on July 11, 1997, Petitioner's statute of limitations began to run again, with 342 days remaining. Therefore, absent other tolling, Petitioner's habeas limitations period expired on Wednesday, June 24, 1998.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 1998, his second motion for relief from judgment filed on May 6, 2014, even if it was properly filed, did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen*

*v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner argues that he requested a copy of all court transcripts for use in preparing a supplemental brief on appeal.  He states that the request was docketed as received by the trial court on May 6, 1991, while his appeal was pending.  Under cover of a letter dated September 16, 1991, the court clerk sent the transcripts for the proceedings held on October 18-19, 1990, February 14-15, 19, 21, 25-27 and March 25, 1991.  (*See* Attach. D to Pet., docket #1-1, Page ID#34.)  Petitioner admits that he received the transcripts.  (Pet., docket #1, Page ID#10.)  Petitioner claims that he believed that he had the entire court record for the next 22 years.  On April 1, 2013, however, Petitioner contacted the court again, requesting a second copy of the transcripts, because his documents had been lost by the Michigan Department of Corrections.  On April 11, 2013, the court responded by forwarding a copy of the "entire file," as described in the covering letter.  (*Id.*)  Plaintiff alleges that, for the first time, he became aware that the trial court had engaged in communications with the jury, about which he knew nothing.  According to the petition and attached documents, the jury asked for a list of the contents of the trunk of the car.  The trial court responded, "No list has been created – however, there was testimony as to the contents and pictures of the truck

- 7 -

[sic] – I am giving you all of the admitted evidence – [.]"  (Pet., Page ID#10; Attach I to Pet., docket #1-1, Page ID#39.)

The Court considers Petitioner's representations and supporting documents as an argument for equitable tolling.  Upon review, the Court concludes that Petitioner has wholly failed to meet the two-pronged standard of *Holland*, 560 U.S. at 649.

First, according to his own attachments, Petitioner was aware that the transcripts he had received did not constitute the entire record.  Petitioner has attached a copy of the letter he subsequently sent to the trial court clerk that was received on July 24, 1992, in which Petitioner requested copies of the following additional documents:  the Oakland County Prosecutor's witness list, investigators' reports from the Waterford Police Department, all witness statements and police reports, all motions that were filed by both the prosecutor and the defense, "[e]vidence reports and listings," and photographic copies of pictures used at trial, as well as any other related documents. (Attach. F to Pet., docket #1-1, Page ID#36.)  He received a return letter from the court clerk stating,

> Your court file was sent to the Michigan Court of Appeals on November 15, 1991.
> When the appeal process is complete and the file returned to our Court, information
> will be available.  At that time, please write again to request information.

(Attach. G to Pet., docket #1-1, Page ID#37.)

The evidence squarely indicates that Petitioner knew in 1992 that he did not have the entire court file, as he asked for additional specific items, including all "listings."  (Attach. F to Pet., docket #1-1, Page ID#36.)  In addition, the trial court did not deny him access to that information. It simply advised him that it did not have the file and could not honor his request at that time.  The court clerk advised Petitioner to ask again after the file had been returned to the trial court.  As a result, even if the court's inability to provide the documents in July 1992 is considered an

extraordinary circumstance that stood in Petitioner's way, that impediment was removed not later

then late 1993, after the Michigan Supreme Court completed its review on November 30, 1993, and

returned the record to the trial court.

Moreover, Petitioner cannot demonstrate the requisite diligence under the second

prong of *Holland*, 560 U.S. at 649, because he failed to seek the additional record items that became

available in late 1993 until 2013, when he lost his original transcripts and a new copy of the file was

given to him by the court.[1]  Petitioner has not and cannot explain his delay of 20 years in attempting

to obtain a complete record.

In  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held

that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v.

Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the

miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a

Petitioner must present new evidence showing that "'it is more likely than not that no reasonable

juror would have convicted [the petitioner].'"  *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513

U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual

innocence provides an exception to the statute of limitations rather than a basis for equitable tolling,

a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence

in bringing his claim, though a court may consider the timing of the claim in determining the

credibility of the evidence of actual innocence.  *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he

proffers no new evidence of his innocence, much less evidence that makes it more likely than not

---

[1]Alternatively, Petitioner actually sought and received those records, which he appears to deny.  In either event, Petitioner was not diligent in raising his current claims.

that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Instead, he attempts to put forward "new" evidence that could do no more than provide one more piece of information for the jury to consider. Petitioner argues that, had the jury been given a copy of the list of items seized from the trunk of the car, they would not have believed the prosecutor's theory that the victim Petitioner locked in the trunk of her car drank windshield-washing fluid to alleviate her thirst. He contends that, because the list does not specifically include a windshield-washing-fluid bottle, the victim could not have drunk the fluid.

Petitioner's argument is frivolous. The list of items taken from the trunk includes an empty gallon bottle and an empty quart bottle. (Attach. L to Pet., docket 1-1, Page ID#49. Either could have been the empty washer-fluid bottle. The list itself, therefore, proves nothing.

Because Petitioner has failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred, under that provision.

**B.      Analysis under § 2244(d)(1)(D)**

Nor is Petitioner's habeas application timely if the statute of limitations is considered under 28 U.S.C. § 2244(d)(1)(D). Under § 2244(d)(1)(D), a habeas petition is timely if filed within one year of the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

Petitioner fails to demonstrate entitlement to the counting of his limitations period under § 2244(d)(1)(D), for the one of the same reasons he failed to demonstrate entitlement to equitable tolling: he fails to show that he exercised due diligence in discovering the factual predicate of his claim. As previously discussed, Petitioner was aware in 1992 that he did not have

the entire trial record.  He also had been told by the trial court clerk to make his request for supplemental records after the Michigan Supreme Court had decided his appeal and the case had been returned to the trial court.  The supreme court denied leave to appeal on November 30, 1993. Petitioner made no effort to request those documents until nearly 20 years later.  As a consequence, Petitioner fails to demonstrate the diligence required by § 2244(d)(1)(D) for discovering the allegedly new information.

In sum, Petitioner's habeas application is untimely, whether analyzed under § 2244(d)(1)(A) or § 2244(d)(1)(D).  I therefore recommend that his petition be denied.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  November 10, 2014                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).